UNITED SATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BETTINA SCOTT,
        Plaintiff,

v.

SCOTT G. ROSENTHAL,
CHARTERED FINANCE AND REALTY CORP.,
BAYVIEW FINANCIAL TRADING GROUP, LP,
FIRST UNION NATIONAL BANK and
INTERBAY FUNDING, L.L.C.,
KATHLEEN M. HAYES,
MARK D. HAYES a/k/a MICHAEL HAYES,
        Defendants.

1:04-CV-10855-RWZ

## ANSWER OF BAYVIEW FINANCIAL TRADING GROUP, LP, FIRST UNION NATIONAL BANK and INTERBAY FUNDING, L.L.C. TO CROSS-CLAIM DEFENDANTS SCOTT G. ROSENTHAL AND CHARTERED FINANCE AND REALTY CORP.'S CROSS-CLAIM

Now comes Bayview Financial Trading Group, LP, First Union National Bank (as Indenture Trustee) and Interbay Funding, L.L.C. (collectively, the "Defendants"), and respectfully respond to Scott G. Rosenthal's and Chartered Finance and Realty Corp.'s Cross-Claim as follows:

1. The Plaintiff's cause of action speaks for itself and as a result no response is required.

2. Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 2.

3. Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 3.

{00052354.DOC}

4. Defendants admit the allegations contained in paragraph 4, but they further answer that Defendant Bayview Financial Trading Group, LP is a limited partnership with a business address of 4425 Ponce de Leon Blvd., Coral Gables, Florida.

5. Defendants admit the allegations contained in paragraph 5, but they further answer that Defendant Firstar Union National Bank is now known as Wachovia Bank, N.A.

6. Defendants admit the allegations contained in paragraph 6, but they further answer that Defendant Interbay Funding, L.L.C. has a business address of 4425 Ponce de Leon Blvd., Coral Gables, Florida.

7. Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 7.

**WHEREFORE**, the Defendants deny that the Cross-Claim Plaintiffs are entitled to the relief they seek.

8. The allegations contained in paragraph 8 are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Cross-Claim Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Cross-Claim Plaintiffs have failed to mitigate their damages, if any, and, therefore, cannot recover in this action.

## THIRD AFFIRMATIVE DEFENSE

The Cross-Claim Plaintiffs have unclean hands and, therefore, cannot recover in this action.

## FOURTH AFFIRMATIVE DEFENSE

The Cross-Claim Plaintiffs are estopped from recovering in this action.

## FIFTH AFFIRMATIVE DEFENSE

The damages alleged by the Cross-Claim Plaintiffs were not proximately caused by the Cross-Claim Defendants.

## SIXTH AFFIRMATIVE DEFENSE

The Cross-Claim Plaintiffs are barred from recovery in this action because of the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

The Cross-Claim Plaintiffs, by their conduct or actions and/or the conduct or actions of their agents or servants, have waived any and all rights that she may have against the Cross-Claim Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

The Cross-Claim Plaintiffs' cause of action is barred by the statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The Cross-Claim Plaintiffs' Cross-Claim should be dismissed for failure to join indispensable parties.

## TENTH AFFIRMATIVE DEFENSE

Pursuant to G.L. c. 231, § 6F, all or substantially all of the claims set forth in the Cross-Claim, whether of a factual, legal, or mixed nature, made by the Cross-Claim

Plaintiffs in this case are wholly insubstantial, frivolous, and not advanced in good faith. Accordingly, the Cross-Claim Defendants are entitled to an award of reasonable counsel fees and other costs and expenses incurred in defending against such claims.

### ELEVENTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of frauds.

### TWELFTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the parole evidence rule.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Cross-Claim Defendants reserve the right to add more affirmative defenses during the course of and after discovery.

BAYVIEW FINANCIAL TRADING GROUP, LP, FIRST UNION NATIONAL BANK and INTERBAY FUNDING, L.L.C.

By their attorneys,

Paul Michienzie, Esq. – BBO #548701
David P. Russman, Esq. – BBO #567796
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: 617-227-5660

Dated: 5/10/04

{00052354.DOC}

4

## CERTIFICATE OF SERVICE

I, David P. Russman, Esquire, hereby certify that I have this 10th day of May, 2004 served the foregoing, by causing copies hereof to be mailed, first-class mail, postage prepaid, to the following:

Marc E. Chapdelaine, Esq.
George O. Gregson, P.C.
325 Central Street
Saugus, MA   01906

Todd McGrath, Esq.
Seyfarth Shaw
Two Seaport Lane
Boston, MA   02210

Jordan Shapiro, Esq.
Shapiro & Hender
640 Main Street
P.O. Box 392
Malden, MA   02148

David P. Russman