# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BETTINA SCOTT,<br><br>                Plaintiff,<br><br>v.<br><br>SCOTT G. ROSENTHAL, CHARTERED FINANCE AND REALTY CORP., BAYVIEW FINANCIAL TRADING GROUP, L.P., FIRST UNION NATIONAL BANK, INTERBAY FUNDING, L.L.C., KATHLEEN M. HAYES, and MARK D. HAYES, SR.<br><br>                Defendants. | CIVIL ACTION NO. 04-10855-RWZ |

## ANSWER AND COUNTERCLAIM OF KATHLEEN M. HAYES AND MARK D. HAYES, SR.

The Defendants Kathleen M. Hayes and Mark D. Hayes, Sr. (the "Hayes"), answer the Plaintiff, Bettina Scott's (Scott), Verified Complaint ("Complaint") as follows:

## PARTIES

1.      The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.      The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.      The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.      The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

-2-

5. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Admitted.

8. The Hayes deny that Mark D. Hayes is also known as Michael Hayes. Further answering, the Hayes admit the remaining allegations set forth in Paragraph 8 of the Complaint.

9. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

## SUBJECT PROPERTY

10. Admitted.

## JURISDICTION

11. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

## PROCEDURAL HISTORY

12. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint. Further answering, the Hayes state that the judgment attached to the Complaint at Exhibit A speaks for itself.

13. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint. Further answering, the Hayes state that the Assignment of Mortgage/Deed of Trust attached to the Complaint at Exhibit B speaks for itself.

14. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint. Further answering, the

Hayes state that the United States Court of Appeals decision attached to the Complaint at Exhibit C speaks for itself.

15. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.  Further answering, the Hayes state that the NYS Department of State Entity Information attached to the Complaint at Exhibit D speaks for itself.

COUNT I
(Mass. General Law Chapter 214, §3(6) – Reach and Apply)

17. The Hayes deny the allegations set forth in Paragraph 17 of the Complaint.

18. Paragraph 18 states a legal argument to which no response is required.  To the extent a response is required, the Hayes deny the allegations set forth in Paragraph 18 of the Complaint.

19. The Hayes admit the allegations set forth in the second sentence of Paragraph 19 of the Complaint.  Further answering, the Hayes deny the remaining allegations set forth in Paragraph 19 of the Complaint.

20. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

COUNT II
(Uniform Fraudulent Transfer Act – MGL c. 109A)

21. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. The Hayes deny the allegations set forth in Paragraph 22 of the Complaint.

-3-

23. The Assignment of Mortgage/Deed of Trust attached to the Complaint at Exhibit B speaks for itself and no response is required. To the extent a response is required, the Hayes deny the allegations set forth in Paragraph 23 of the Complaint.

24. The Hayes state that the judgment attached to the Complaint at Exhibits A speaks for itself.

25. The Hayes deny the allegations set forth in Paragraph 25 of the Complaint.

26. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. The Hayes are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint. Further answering, the Hayes state that the Assignment of Mortgage/Deed of Trust attached to the Complaint at Exhibit B speaks for itself.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Hayes are barred by the applicable statutes of limitations.

BO1 15641099.1 / 35123-000001

-5-

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to recover on her Complaint as the claims are frivolous and violative of Mass. Gen. Laws c. 231, § 6F.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead fraud with particularity.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Hayes are barred by the doctrines of waiver, laches, or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint must be dismissed for failure to join indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by the applicable statute of frauds.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by the parole evidence rule.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff has unclean hands and, therefore, cannot recover in this action.

### TENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages (which the Hayes deny), Plaintiff is not entitled to recover due to her failure to mitigate damages.

WHEREFORE, the Hayes request that the Plaintiff's claims be dismissed and that judgment enter for the Hayes together with all costs, interests, and attorneys fees allowed by law.

### COUNTERCLAIM

1.      The Plaintiff-in-Counterclaim, Kathleen M. Hayes, is an individual residing at 68 Raymond Drive, Seekonk, Bristol County, Massachusetts.

2. The Plaintiff-in-Counterclaim, Mark D. Hayes, Sr., is an individual residing at 68 Raymond Drive, Seekonk, Bristol County, Massachusetts.

3. The Defendant-in-Counterclaim, Bettina Scott ("Plaintiff"), is an individual residing in the State of Connecticut.

4. On or about June 9, 2000, the Hayes executed and delivered to Chartered Finance and Realty Corporation ("Chartered") a note in the original amount of $655,000 (the "Note") to evidence a refinance loan ("Loan"). To secure their obligations under the Note, on or about June 9, 2000, the Hayes also executed and delivered to Chartered, among other documents, a Mortgage and Security Agreement on property located at 21 Industry Court, Seekonk, Massachusetts ("Property"). On or shortly after the day of the Loan, the Loan Documents were assigned to First Union National Bank ("First Union").

5. Although Chartered is named on the Note and Mortgage, Chartered did not actually loan any money. Rather, the $655,000 loan proceeds came from Bay View Financial Trading Group LP. Immediately after the Loan was funded, it was assigned to First Union, and Interbay Funding LLC is servicing the Loan.

6. As the Plaintiff is aware, Chartered never funded the Loan, but was the originator/broker of the Loan, and Chartered received a broker's fee of approximately $39,300 in connection with its work as loan originator. The Hayes have never made any Loan payments to Chartered.

7. In this action, the Plaintiff has raised claims that she knows to be wholly insubstantial and frivolous.

8. The Plaintiff has now caused the issuance of the Summons, Complaint, and a restraining order in the present action, the recording or which in the Bristol County Registry of

-6-

Deeds, has created a cloud on the Hayes' title to their Property. The Hayes are currently attempting to refinance the Loan, however, Plaintiff's illegal and improper clouding of title to the Property are preventing any such refinancing.

## COUNT I
(Mass. Gen. Laws c. 231, § 6(F))

9. The Hayes restate the allegations set forth in Paragraphs 1 through 8 above and incorporate them by reference herein.

10. Plaintiff's claims against the Hayes are wholly insubstantial, frivolous and not advanced in good faith.

11. The Hayes have suffered damages as a result of the Plaintiff's frivolous claims, including without limitations, attorneys' fees and other costs.

## COUNT II
(Abuse of Process)

12. The Hayes restate the allegations set forth in Paragraphs 1 through 11 above and incorporate them by reference herein.

13. By her above stated actions, the Plaintiff has committed, and continues to commit, an abuse of process.

14. The Hayes have suffered damages as a result of the Plaintiff's abuse of process, including without limitations, attorneys' fees and other costs.

## COUNT III
(Slander of Title)

15. The Hayes restate the allegations set forth in Paragraphs 1 through 14 above and incorporate them by reference herein.

BO1 15641099.1 / 35123-000001

16. The Plaintiff has made false written and/or oral statements which she has published with malice concerning the quality and title of the Hayes' property, resulting in substantial damages to the Hayes.

WHEREFORE, the Hayes pray that this Honorable Court:

1. Dismiss the Plaintiff's claims, with prejudice and award the Hayes their attorney's fees and other costs;

2. Enter judgment in the Hayes' favor and against the Plaintiff on Count I of the Counterclaim and award the Hayes their damages, including attorney's fees and costs, in an amount to be determined;

3. Enter judgment in the Hayes' favor and against the Plaintiff on Count II of the Counterclaim and award the Hayes their damages, including attorney's fees and costs, in an amount to be determined;

4. Enter judgment in the Hayes' favor and against the Plaintiff on Count III of the Counterclaim and award the Hayes their damages, including attorney's fees and costs, in an amount to be determined;

5. Grant the Hayes such other relief as the Court deems meet and just.

## JURY TRIAL

The Hayes request a jury trial on all issues and counts so triable.

-9-

        KATHLEEN M. HAYES AND MARK D. HAYES, SR.,

        By their Attorneys,

        /s/ Todd M. McGrath
        Todd M. McGrath (BBO # 628476)
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane
        Suite 300
        Boston, MA 02210-2028
        Telephone:    (617) 946-4800
        Telecopier:    (617) 946-4801

DATED: May 14, 2004