UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| BETTINA SCOTT,<br><br>            Plaintiff,<br><br>v.<br><br>SCOTT G. ROSENTHAL, CHARTERED FINANCE AND REALTY CORP., BAYVIEW FINANCIAL TRADING GROUP, L.P., FIRST UNION NATIONAL BANK, INTERBAY FUNDING, L.L.C., KATHLEEN M. HAYES, and MARK D. HAYES, SR.<br><br>            Defendants. | CIVIL ACTION NO. 04-10855-RWZ |

## AUTOMATIC DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26

Defendants Kathleen M. Hayes and Mark D. Hayes, Sr. ("Defendants"), by their undersigned counsel, make the following Initial Disclosures required by Fed. R. Civ. P. 26(a)(1):

    1.)    Rule 26(a)(1)(A). "[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information."

To the best of the Defendants' knowledge, the following individuals are likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings:

| | |
|---|---|
| <u>Mark D. Hayes</u>: | Is likely to have discoverable information regarding the application and closing of the subject Loan, as well as information regarding the refinancing of the subject Loan. |
| <u>Kathleen M. Hayes</u>: | Is likely to have discoverable information regarding the application and closing of the subject Loan, as well as information regarding the refinancing of the subject Loan. |
| <u>Brian Krajewski</u>: | Mr. Krajewski was an employee of the Defendants' business who had direct dealings with Frederick Cover. Mr. Krajewski is likely |

to have discoverable information relevant to the processing, application, and closing of the subject Loan.

2.) Rule 26(a)(1)(B). "[A] copy of, or description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings."

In addition to the loan documents already produced to the Plaintiff, the Defendants have in their possession, custody or control documents that are relevant to disputed facts alleged with particularity in the pleadings, including but not limited to, the following:

A. Correspondence between Fred Cover and Brian Krajenski regarding the subject Loan.

B. Correspondence between Fred Cover and the Defendants regarding the subject Loan.

C. Statement of Loan Purpose dated March 10, 2000, and attaching documents.

D. Insurance Binder dated April 18, 2000.

E. Documents relating to refinancing of the subject Loan.

3.) Rule 26(a)(1)(C). "[A] computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."

The Defendants seek to recover damages, including costs and attorneys' fees, on their counterclaims against the Plaintiff for filing a frivolous lawsuit, abuse of process, and slander of title. Specifically, the Defendants have sought to refinance their existing mortgage with a loan offering a lower interest rate. The interest on said loan was substantially lower than the current interest rates now available to the Defendants. Plaintiff's improper clouding of the Defendants' title to their property has prevented any such refinancing.

4.) Rule 26(a)(1)(D). "[F]or inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."

None.

Federal Rule of Civil Procedure 26(a)(2)

The Defendants have not yet determined who, if anyone, they will call as an expert at trial of this matter. The Defendants will supplement this response when such expert(s) become known.

|  |  |
|---|---|
|  | KATHLEEN M. HAYES AND MARK D. HAYES, SR., |
|  | By their Attorneys, |
|  | /s/ Todd M. McGrath |
|  | Todd M. McGrath (BBO # 628476) |
|  | SEYFARTH SHAW LLP |
|  | World Trade Center East |
|  | Two Seaport Lane |
|  | Suite 300 |
|  | Boston, MA 02210-2028 |
|  | Telephone:    (617) 946-4800 |
| Dated: June 14, 2004 | Telecopier:   (617) 946-4801 |