UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUN 14 P 2: 55
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BETTINA SCOTT,<br>Plaintiff,<br><br>v.<br><br>SCOTT G. ROSENTHAL,<br>CHARTERED FINANCE AND REALTY CORP.,<br>BAYVIEW FINANCIAL TRADING GROUP, LP,<br>FIRST UNION NATIONAL BANK and<br>INTERBAY FUNDING, L.L.C.,<br>KATHLEEN M. HAYES,<br>MARK D. HAYES a/k/a MICHAEL HAYES,<br><br>Defendants. | 1:04-CV-10855-RWZ |

## AUTOMATIC DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26

Now comes the Plaintiff, Bettina Scott and respectfully provide the following disclosures.

Federal Rule of Civil Procedure 26(a)(1)

(A).   The name and if known address and telephone number of each individual likely to have discoverable information that the Plaintiff may use to support her claims:

1. Bettina Scott
2. Scott Rosenthal
3. Fredrick Cover, agent of Chartered Finance and Realty Corporation and broker of subject mortgage between the Hayes and Chartered Finance and Realty Corporation.
4. Mark D. Hayes
5. Kathleen M. Hayes
6. Peter Brooks
7. Officer of Chartered Properties, LLC
8. Officer of Chartered Holdings, LLC
9. Stephanie Joseph, Notary Public, State of New York

(B). A copy of or a description by category and location of all documents, dated compilations, and tangible things that are in the possession, custody or control of the Defendants and that the Defendants may use to support its claims or defenses unless for impeachment:

The following documents have been produced by the defendants and/or have been filed with the Court.
1. Promissory Note, dated June 9, 2000
2. Mortgage and Security Agreement between Kathleen M. Hayes and Mark D. Hayes to Chartered Finance and Realty Corporation, recorded June 16, 2000
3. Lease Subordination Agreement, dated June 9, 2000
4. Assignment of Mortgage/Deed of Trust, dated June 15, 2000 and recorded April 3, 2001
5. Assignment of Other Loan Documents
6. Letter from BayView to Chartered, dated June 1, 2000


(C). A computation of any category of damages claimed by the Defendants, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which the computation is based, including materials bearing on the nature and extent of injuries: None.


(D). As under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or indemnify or reimburse for payments made to satisfy the judgment:

<u>Federal Rule of Civil Procedure 26(a)(2)</u>

      The Plaintiff has not yet determined who, if anyone, they will call as an expert at trial of this matter. The Plaintiff is cognizant of her obligation to supplement this response seasonably before trial.

                                            Bettina Scott,

                                            By her attorney,

                                            Marc E. Chapdelaine, BBO # 655649
                                            George O. Gregson, P.C.
                                            325 Central Street
                                            Saugus, MA  01906
                                            (781)-233-1133

Dated: June 11, 2004

## CERTIFICATE OF SERVICE

I, Marc E. Chapdelaine, Esquire, hereby certify that I have this 11th day of June, 2004 served the foregoing, by causing copies hereof to be mailed, first-class mail, postage prepaid and faxed to the following:

David P. Russman, Esq
Paul Michienzie, Esq.
Michienzie & Sawin, LLC
745 Boylston Street, 5th floor
Boston, MA 02116

Todd McGrath, Esq.
Seyfarth and Shaw
Two Seaport Lane
Boston, MA 02210

Jordan Shapiro, Esq.
Shapiro and Hender
640 Main Street
P.O. Box 392
Malden, MA 02148

_____
Marc E. Chapdelaine