UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTINA SCOTT<br>    Plaintiff<br><br>v.<br><br>SCOTT ROSENTHAL and CHARTERED<br>FINANCE AND REALTY CORP., and<br>BAYVIEW FINANCIAL TRADING<br>GROUP, L.P. and FIRST UNION<br>NATIONAL BANK and INTERBAY<br>FUNDING, L.L.C. and KATHLEEN M.<br>HAYES and MARK HAYES a/k/a<br>MICHAEL HAYES<br>    Defendants | 1:04-CV-10855-RWZ |

**OPPOSITION OF DEFENDANTS, SCOTT ROSENTHAL AND CHARTERED FINANCE AND REALTY CORP. TO MOTION BY PLAINTIFF FOR DEPOSITIONS**

Defendants, Scott Rosenthal and Chartered Finance and Realty Corporation oppose depositions by the Plaintiff for the reasons set forth in the Motion to dismiss or, in the alternative, to transfer, filed herewith.

First, Scott Rosenthal recovered a judgment against the Plaintiff for in excess of $27,000.00. [See attached judgment.] No judgment exists against him, therefore, and there is no basis for deposing him at this time.

Second, Scott Rosenthal and Chartered are and always were both of New York and the Plaintiff is now and at all materials times always was of Connecticut. While, Plaintiff initially

4

thought these Defendants had an asset in Massachusetts, namely some interest in a Massachusetts mortgage or otherwise had some present contacts in Massachusetts, it is now clear that there are no assets or contacts in Massachusetts and that it is not a proper venue for Plaintiff to initiate a collection case.

Third, while Plaintiff has stated in the status conference that he "thinks" there "may be" some relationship between Chartered and other corporations of which Scott Rosenthal has an interest in New York, there is no known factual basis for these unsupported "claims" at this time. And certainly, there is no basis for continuation of this matter in this Court in Massachusetts.

Finally, there has been no discovery conference or other compliance with the Federal Rules of Civil Procedure Rule 26, warranting accelerating of any discovery prior to dismissal of this case upon Defendants' motion to dismiss filed herewith.

Thus, no discovery is necessary or convenient in Massachusetts for the Plaintiff.

WHEREFORE, Defendants move that any discovery be denied at this time, for the reasons set forth herein and as set forth in their Motion to dismiss filed herewith.

The Defendants

SCOTT ROSENTHAL AND CHARTERED
    FINANCE AND REALTY CORPORATION
By their Attorney,

*[signature]*

Jordan L. Shapiro
BBO#: 454240
SHAPIRO & HENDER
640 Main Street
Malden, MA 02148
(781) 324-5200

DATED: June 28, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

BETTINA D. SCOTT,

            Plaintiff,

    -against-

SCOTT G. ROSENTHAL and CHARTERED
FINANCE & REALTY CORPORATION,

            Defendant.
------------------------------------------------X

97 CIVIL 2143 (LLS)

**JUDGMENT**

\#— 01, 0606

    Whereas by Order dated December 19, 2000, the Court having granted defendant Scott G. Rosenthal ("Rosenthal") summary judgment in the amounts of $627.10 for reimbursement for payments for plaintiff's telephone calls charged to NYNEX, and $11,000 on his counterclaim for reimbursement for his payment to Tiffany & Co. for purchases made by plaintiff Bettina D. Scott ("Scott") and a Jury Trial before the Honorable Louis L. Stanton, United States District Judge, having begun on March 19, 2001, and at the conclusion of the trial, the jury having rendered a verdict for plaintiff Scott and against defendant Chartered Finance & Realty Co., Inc. ("Chartered Finance") in the amount of $400,000 on plaintiff's claim for value of services rendered; the jury also having rendered a verdict for defendant Rosenthal and against plaintiff Scott in the amounts of $13,451.93 on Rosenthal's counterclaim for the balance he paid on a Colonial National Bank credit card account and $2,669.33 for amounts he paid for plaintiff Scott's purchase at Brooks Brothers; and the Court having dismissed all other claims and counterclaims with prejudice, it is,

    **ORDERED, ADJUDGED AND DECREED:** That plaintiff Scott recover from defendant Chartered Finance the sum of $400,000 together with costs and disbursements; **defendant** Rosenthal recover from plaintiff Scott the sum of $27,748.36; and all other claims and counterclaims