UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTINA SCOTT<br>    Plaintiff<br><br>v.<br><br>SCOTT ROSENTHAL and CHARTERED<br>FINANCE AND REALTY CORP., and<br>BAYVIEW FINANCIAL TRADING<br>GROUP, L.P. and FIRST UNION<br>NATIONAL BANK and INTERBAY<br>FUNDING, L.L.C. and KATHLEEN M.<br>HAYES and MARK HAYES a/k/a<br>MICHAEL HAYES<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  1:04-CV-10855-RWZ<br>)<br>)<br>)<br>)<br>)<br>) |

SCOTT ROSENTHAL AND CHARTERED FINANCE AND REALTY CORPS'
MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404 WITH STATEMENT OF REASONS

INTRODUCTION

This is an action initially filed to assert violations of the Uniform Fraudulent Transfer Act[1] as codified at Mass. Gen. Laws c. 109A, by Plaintiff against Defendant Scott Rosenthal, a citizen from the State of New York and Chartered Finance Realty Corporation, a domestic New

---

[1]    Plaintiff brought action against all of the Defendants, but has agreed to drop these claims and stipulate to the dismissal of all of the remaining Defendants except as to Defendant, Chartered Finance Realty Corporation. By error, the Plaintiff asserted that she had recovered a judgment against Scott Rosenthal personally. In fact, Scott Rosenthal personally recovered a judgment against the Plaintiff personally in excess of $10,000, which is still unpaid. While a reach and apply action was alleged against all of the Defendants, it is undisputed that the mortgage transaction at the heart of this action took place on June 15, 2000 and all monies involved in the transaction have been disbursed, including an approximate $38,000.00 commission paid to Defendant, Chartered.

7

York Corporation (hereinafter both collectively Defendants). On March 28, 2001, Plaintiff obtained a judgment only against the Defendant, Chartered Finance Realty Corporation (hereafter Chartered), in the United States District Court for the Southern District of New York. Plaintiff, who is a citizen of the State of Connecticut, initially sought to recover the monies paid to Chartered, a commission of about $38,000.00, from the proceeds of the mortgage transaction that occurred on June 15, 2000 for real property located in Seekonk, Massachusetts.

Plaintiff, through her counsel, has acknowledged that the commission owed to Chartered from this loan transaction is no longer within the Commonwealth of Massachusetts and was in fact paid in full to Chartered on or about June 15, 2000. Therefore, Chartered presently has no contacts with the Commonwealth of Massachusetts, has no assets in Massachusetts, and there is nothing for the Plaintiff to reach and apply in Massachusetts, as of the year 2000. Moreover, other than this single transaction, Defendants have never conducted business in the Commonwealth of Massachusetts and Plaintiff has no evidence to the contrary.

By this motion, Defendants seek to dismiss this action in the Massachusetts District. Defendants would not object to a transfer of this action to United States District Court for the Southern District of New York, for that Court.

## **ARGUMENT**

### I. The Standard for Dismissal under 28 U.S.C. § 1406(a)

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Id; Section

2

1406 applies in cases where the original venue is improper. Van Dusen v. Barrack, 376 U.S. 612, 634, 84 S.Ct. 805, 818, 11 L.Ed.2d 945 (1964); Jumara v. State Farm Ins., 55 F.3d 873, 878 (3rd Cir. 1995). Under the federal venue statute, an action based upon diversity of citizenship may be properly filed "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). For purposes of this statute, a corporate defendant is deemed to reside in any district which has personal jurisdiction over it. Id. § 1391(c) (West 1993); David D. Siegel, Commentary on 1988 and 1990 Revisions of Section 1391, 28 U.S.C.A. § 1391, at 17 (West 1993). Thus, venue is proper over a corporation in any district where it is also subject to that state's personal jurisdiction. Siegel, Commentary on Revisions of Section 1391, at 17-18; GTE New Media Services, Inc. v. Ameritech Corp., 21 F.Supp.2d 27, 39-40 (D.D.C.1998).

A Massachusetts court may exercise personal jurisdiction over a foreign defendant when it is authorized by state statute and is consistent with due process.[2] Howse v. Zimmer Manufacturing Company, Inc., 757 F.2d 448, 451 (1st Cir.1985); Campbell v. Frontier Fishing and Hunting, Ltd., 10 Mass.App. 53, 405 N.E.2d 989, 990 (1980); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 389 N.E.2d 76, 79 (1979). The first step of analysis, therefore, is to determine whether jurisdiction is authorized by statute. Morrill v. Tong, 390 Mass. 120, 453 N.E.2d 1221, 1227 (1983); Good Hope, 389 N.E.2d at 80.

The Massachusetts Long-Arm Statute, Section § 3(a) has been construed broadly: "transacting any business" means any purposeful act directed to the forum state. See Ealing Corp.

---

[2] Since this case was removed from state court pursuant to 28 U.S.C. § 1446, Defendants Rosenthal and Chartered Finance have not previously had an opportunity challenge the personal jurisdiction of this Court to hear the within action.

3

v. Harrods Ltd., 790 F.2d 978, 982 (1st Cir.1986). Thus, the jurisdictional inquiry is largely a federal constitutional one because the Massachusetts courts construe section 3(a)'s "transacting business" requisite as extending jurisdiction to the horizons of the Due Process Clause of the Fourteenth Amendment. See Daynard v. Ness, 290 F.3d 42, 52 (1st Cir.2002); Automatic Sprinkler Corp. of Am. v. Seneca Foods Corp., 361 Mass. 441, 443, 280 N.E.2d 423, 424 (1972) ("We see the function of the long arm statute as an assertion over the person to the limits allowed by the Constitution of the United States.").[3]

At issue in this case is G.L.c. 223A, § 3(a), which provides that "a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's transacting any business in this commonwealth." The Appeals Court has stated that this subsection "is grounded on specific personal jurisdiction, that is, the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from those forum-based contacts." Connecticut Nat'l Bank v. Hoover Treated Wood Products, Inc., 37 Mass.App.Ct. 231, 233 n. 6 (1994), citing Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994).

If the Long-Arm statute is satisfied, Plaintiff must further demonstrate that the exercise of jurisdiction comports with the Due Process Clause of the Constitution. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 35 (1st Cir. 1998). When the in-forum contacts fall short of being "continuous and systematic" so that the exercise of general jurisdiction would be unfair, those contacts may still support the exercise of specific jurisdiction if they are related to

---

[3] As to Defendant Rosenthal individually, there is no basis for exercising personal jurisdiction in this matter since there is no evidence that he has transacted any business in the Commonwealth of Massachusetts.

4

the cause of action. See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 623 (1st Cir. 2001) (involving claim against a foreign banking concern for breach of contract, unjust enrichment and conversion). Specific personal jurisdiction can be asserted over a defendant only if: (1) the claim "directly relates to or arises from the defendant's contacts with the forum"; and (2) "the contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws." Id. at 620-21. If these two requirements are met, then (3) the court must look at the "overall reasonableness of the exercise of jurisdiction in light of a variety of pertinent factors that touch upon the fundamental fairness of an exercise of jurisdiction." Id. at 621.

Reasonableness is determined by the so-called gestalt factors: (1) the Defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. See United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir.1992). The reasonableness stage of the jurisdictional analysis evokes a sliding scale: "[T]he weaker the plaintiff's showings on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction. The reverse is equally true: an especially strong showing of reasonableness may serve to fortify a borderline showing of relatedness and purposefulness." Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 210 (1st Cir.1994).

## II. Dismissal of this Action is Warranted Under 28 U.S.C. § 1406(a)

As to whether Defendant Chartered Finance's conduct satisfies the requirements of the

Massachusetts long-arm statute, the Court must determine whether this Defendant's contacts with the forum constituted the first step resulting in the injury — and not whether the contacts were the legal cause of the injury. In this case, it is undisputed that Defendant Chartered Finance did not cause any injury to Plaintiff by its conduct in Massachusetts. In fact, the borrower contacted Chartered in New York; Chartered did not solicit business in Massachusetts. [See affidavit of Chartered filed herewith.] Accordingly, the exercise of personal jurisdiction is inappropriate under G.L. c. 223A.

Furthermore, as stated herein, there is no evidence that Defendant Chartered Finance has transacted any business in the Commonwealth of Massachusetts other than this single transaction, which took place some nine months before any judgment was obtained by Plaintiff in the United Stated District Court of the Southern District of New York. Certainly, under any analysis, it would violate basic notions of Due Process for Defendant Chartered Finance to have presumed that, in 2004, it could be hailed as a Defendant in a Massachusetts Court by Plaintiff for a single June, 2000 transaction with third parties nine months before a March, 2001 judgment in the Southern District of New York.

### III. The Standard for Transfer under 28 U.S.C. § 1404(a)

Defendant, Chartered, seeks to dismiss the within action, inasmuch as, since 2000, the Defendant, Chartered, has had no contacts with the Commonwealth of Massachusetts. Chartered is indisputedly a corporation of New York and the Plaintiff is indisputedly of Connecticut.

The Plaintiff has received all material disclosures and documents from all Defendants. Plaintiff has no evidence and no documents that exist that can disprove the facts as alleged by the

Defendants, namely, that a bona fide closing occurred in June, 2000 and all funds were disbursed at that time, leaving nothing existing in the Commonwealth of Massachusetts available to the Plaintiff in which Chartered has any interest whatsoever and leaving the Plaintiff with no possible ability to sustain his burden of proving any "fraud" by any of the Defendants. Therefore, there can be no disagreement as to the fact that Plaintiff has no basis for venue within the District of Massachusetts.

Section 1404(a) of Title 28 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is a codification of the doctrine of forum non conveniens. See Pedzewick v. Foe, 963 F.Supp. 48, 50 n. 1 (D.Mass.1997). Authority to transfer a case pursuant to that statute is committed to the Court's broad discretion. See United States ex rel. La Valley v. First Nat'l Bank, 625 F.Supp. 591, 594 (D.N.H.1985). Thus, under § 1404(a), a court in its discretion may transfer a case to a different venue if the court determines that an alternative venue is more convenient and justice will be better served.

As the parties seeking transfer, Defendants bear the burden of demonstrating that transfer is warranted. See, e.g., Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir.2000). "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) (decided prior to the enactment of section 1404(a), but discussing and applying the related common law doctrine of forum non conveniens). Whether to transfer an action for convenience is a matter totally within the discretion of the trial court. Coady, 223 F.3d at 11 (citing Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.1987)).

7

In <u>Gulf Oil</u>, the Court identified the following factors as being relevant when determining whether dismissal, under the doctrine of forum non conveniens, is appropriate: Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Factors of public interest are also considered, including the efficient administration of the judicial system, the conservation of judicial resources, and the forum state's interest in the case. <u>Gulf Oil</u>, 330 U.S. at 508-09; <u>see also</u> 17 James Wm. Moore et al., Moore's Federal Practice § 111.13[1] [o], at 111-89 (3rd ed. 2000).

Here, per the <u>Gulf Oil</u> case, the efficient administration of the judicial system, the conservation of judicial resources, and the total lack of the forum state's interest in the case strong suggest either transfer to the District of New York or, because the statute of limitations is not an issue in this case, a dismissal, so that Plaintiff decide whether or not to pursue the Defendant, Chartered and where to do so.

II. <u>Transfer of this Action is Warranted Under 28 U.S.C. § 1404(a)</u>

As stated previously, the Plaintiff is a citizen of Connecticut and the Defendants are citizens of New York. Since neither of the parties reside in the Commonwealth of Massachusetts, the most convenient forum for this litigation would be in the Southern District of New York wherein Plaintiff obtained her initial judgment against the Defendants. Since there is no evidence to support Plaintiff's alleged "fraudulent transfer" and since all that remains is a pure

collection action, the Plaintiff should be compelled to pursue the claim in New York.

And, arguendo, even if the action were permitted to remain in Massachusetts, Plaintiff would still have to pursue collection in New York, as Defendant has no assets in Massachusetts. Corporate records detailing the Defendant's assets and liabilities exist in New York where Defendants reside. If Plaintiff wishes to take depositions of the Defendants, New York would be the place for Plaintiff to hold the same, as stated by this court on several occasions. Records of the history of the transaction as well any distribution or disposition of the proceeds or profits Defendant received will exist, if anyplace, in the State of New York. Thus, enforcement of any judgment awarded in this Court could prove to be difficult, if not impossible, since neither the Defendant or its assets are located in Massachusetts. Plaintiff would therefore be required to return to the Southern District of New York to enforce any judgment obtained within this Court. Judicial economy would therefore be served by transfer of this action.

Plaintiff cannot reasonably maintain that it is inconvenient for her to pursue this apparent fraudulent conveyance claim in the Southern District of New York since she filed the initial action resulting in a judgment in that forum. Accordingly, Defendants say that they are not unnecessarily causing any inconvenience to the Plaintiff, if the within Motion is allowed.

## **CONCLUSION**

Based on the foregoing, Defendant, Chartered Finance, moves that the within matter be dismissed, or, in the alternative that a transfer of venue to the United States District Court for the Southern District of New York is warranted in accordance with 28 U.S.C. §1404(a).

9

                The Defendants

                SCOTT ROSENTHAL AND CHARTERED
                   FINANCE AND REALTY CORPORATION
                By their Attorney,

                Jordan L. Shapiro
                BBO#: 454240
                SHAPIRO & HENDER
                640 Main Street
                Malden, MA 02148
                (781) 324-5200

DATED: June 28, 2004

## CERTIFICATE OF SERVICE

I, Jordan L. Shapiro, certify that I forwarded a copy of the within Defendant Scott Rosenthal and Chartered Finance Corp's Motion and Memorandum etc., together with Opposition of Defendants Rosenthal and Chartered to Plaintiff's Motion for depositions, together with the Affidavit of Chartered, by mailing the same, regular mail, postage prepaid, addressed to:

David Russman, Esq
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA 02116

Todd McGrath Esq.
Seyfarth Shaw
Two Seaport Landing
Boston, MA 02210

Marc E Chapdelaine, Esq.
C/o George Gregson
325 Central Street
Saugus, MA 01906

Signed under the penalties of perjury June 29, 2004.

_____
JORDAN L. SHAPIRO